(No. 41892.—

THE PEOPLE *ex rel.* William J. Scott, Attorney General, Petitioner, *vs.* PAUL POWELL, Secretary of State, *et al.,* Respondents.

*Opinion filed March 13, 1969.*

DON H. RUEBEN, LAWRENCE GUNNELS, JOHN C. ANGLE, and CALVIN J. COLLIER, all of Chicago, for petitioner,

JOHN E. CASSIDY, JR., of Peoria, for respondents.

Mr. JUSTICE HOUSE delivered the opinion of the court:

William J. Scott, the Attorney General, seeks in this original *mandamus* proceeding to test the validity of the appointment of 11 judges to the circuit court by the then Governor Samuel H. Shapiro. There is no dispute as to the facts.

On January 9, 1969, Paul Powell, the Secretary of State, certified to the Governor that certain judicial vacancies existed. The next day the Governor notified the Secretary of State of the names of the persons he had appointed to fill the judicial vacancies. The following day the appointees executed their oaths of office and were commissioned by the Governor.

On January 13, the Attorney General filed his motion for leave to file his petition for a writ of *mandamus*. Two days later we granted leave to file a petition for *mandamus* and ordered that the appointees be prohibited from performing any judicial functions pending the determination of the validity of their appointments. The Secretary of State, the Auditor of Public Accounts and the 11 appointees filed a motion to dismiss the petition for a writ of *mandamus*. After oral argument, this court on January 28, 1969, entered an order finding the appointments void and granting the issuance of a writ of *mandamus*. The writ directed the Secretary of State to cancel all certifications, commissions and other documents purporting to show that the appointees are entitled to hold the judicial offices to which they had been appointed and to remove their names from the register of commissions. It also directed the Auditor of Public Accounts to expunge all authorizations of payment to such persons as judges and expunge their names from any payroll.

The basis of our January 28 order was that section 1 of

"An Act relating to vacancies in the office of judge," as added by Act approved August 31, 1967, (Ill. Rev. Stat. 1967, chap. 37, par. 72.41), under which the Governor made the appointments, never became "law." That section provides: "When a vacancy shall occur in the office of judge as provided in Article VI of the Constitution the Supreme Court shall notify the Governor of such vacancy. The Governor shall then fill such vacancy until the next general election by the appointment of a person who is qualified to hold that judicial office." During oral argument counsel waived any possible question created by the absence of certification of these vacancies by this court and confined the question to whether the statute was in conflict with section 10 of article VI of our constitution.

Section 10 provides: "All of the judges provided for herein shall be nominated by party convention or primary and elected at general elections by the electors  *  *  *. Provided, however, the General Assembly may provide by law for the selection and tenure of all judges provided herein as distinguished from nomination and election by the electors, but no law establishing a method of selecting judges and providing their tenure shall be adopted or amended except by a vote of two-thirds of the members elected to each House, nor shall any method of selecting judges and providing their tenure become law until the question of the method of selection be first submitted to the electors at the next general election. If a majority of those voting upon the question shall favor the method of selection or tenure as submitted it shall then become law." The section further provides: "Whenever a vacancy occurs in the office of judge, the vacancy shall be filled for the unexpired portion of the term by the voters at an election as above provided in this Section, or in such other manner as the General Assembly may provide by law as set out in this Section and approved by the electors."

The statute authorizing the Governor to fill judicial va-

cancies by appointment was passed by the House by a vote of 149 to 2 and by the Senate by a vote of 48 to 3. The statute was not, however, submitted to, and approved by, the electors at the general election following its passage by two thirds of each House.

The respondents argue that the provisions of section 10 of article VI, requiring passage of a statute by a two-thirds vote of both Houses of the General Assembly and its submission to, and approval by, the voters at the next general election before it becomes law, apply only to a statute "establishing a method of selecting judges *and providing for their tenure.*" They conclude that because the statute in question does not provide tenure for the appointed judges, it did not have to be submitted to, and be approved by, the voters.

In *Hirschfield* v. *Barrett*, 40 Ill.2d 224, we stated: "What then is the reasonable meaning of the language of section 10 * * * which states that 'Whenever a vacancy [due to death, resignation, rejection, removal or retirement] occurs in the office of judge, the vacancy shall be filled for the unexpired portion of the term by the voters at an election * * * or in such manner as the General Assembly may provide by law as * * * approved by the electors'? * * * The compromise relating to the manner of initial selection and the subsequent retention of judges was the result of a hard-fought struggle, and we find that the use of the mandatory language in section 10 is attributable to the drafters' design to state in unequivocal terms the *method* by which new judges would be initially selected to fill vacancies—'by the voters at an election'—unless two thirds of the members of both Houses of the General Assembly propose a different method which is approved by the electorate in a referendum." (40 Ill.2d 224, 230-231.) This interpretation of the quoted language of section 10 is, of course, directly contrary to the interpretation respondents advance.

Despite respondents' protestations, we believe the interpretation given to section 10 of article VI in *Hirschfield* is correct. Accordingly, because the statute in question was not submitted to, and approved by, the voters in the general election in November, 1968, it did not become law and the purported appointments under it are void.

*Writ awarded.*